STATE *v.* LINNEUS JONES *alias* LINEUS WHITTED.

The turning of a barrel of turpentine which was standing on its head, over on its side, with a felonious intent, is not such an asportation as will constitute Larceny. *State* v. *Jackson*, 65 N. C. 305, cited and approved.

Larceny tried before *Russell*, J., at Spring Term, 1871, of BLADEN Superior Court.

The indictment charged the defendant with stealing a barrel

of turpentine, the property of T. D. Love and David H. Ray. The defendant pleaded not guilty, whereupon the jury upon the evidence offered, returned a special verdict, to wit: "That the defendant went to the still of Love & Ray, where there was a lot of turpentine in barrels, which was the property of Love & Ray; that defendant took one of the barrels which was standing on its head, and turned it over on its side, moving it no further, and no more, than was necessary to turn it over from the head to the side; that defendant then went to Love and offered to sell him this barrel of turpentine, inducing him to believe that he, the defendant, had just brought it there for sale; that Love went out and looked at the barrel, and told the defendant to roll it to the scales for him to weigh, which defendant did, Love not knowing at the time that the barrel belonged to him and Ray; that the purpose of defendant was to deceive Love & Ray, and to sell them some of their own turpentine; that this was his intent at the time he turned over the barrel."

"If his Honor shall be of opinion upon the facts as found by the jury, that the defendant is guilty, then the jury say that the defendant is guilty, in manner and form as charged in the bill of indictment; but if his Honor shall be of a contrary opinion, then the jury say the defendant is not guilty."

Upon consideration whereof his Honor decided that the defendant was not guilty, and ordered that he be discharged; from which judgment the Solicitor for the State appealed.

*Attorney General* for the State.
No Counsel for the defendant.

DICK, J.    There must be an asportation of the article alleged to be stolen, to complete the crime of larceny.    The question as to what constitutes a sufficient asportation has given rise to many nice distinctions in the Courts of England, and the rules

there established have been generally observed by the Courts of this country. Roscoe 570, 2 Bishop Crim. Law, 804.

The least removal of an article, from the actual or constructive possession of the owner, so as to be under the control of the felon, will be a sufficient asportation. *State* v. *Jackson*, 65 N. C. 305. Where a parcel was not removed, its position only being altered on the spot where it lay, the Judges in England held that there was not a sufficient asportation. *Cherry's* case, 2 East. P. C. 556.

In the case before us, the barrel of turpentine was turned from its head over on its side by the defendant with a felonious intent, but there was no other removal from the spot where it had been placed by the owners. We concur in the opinion of his Honor, that there was not a sufficient asportation to constitute the crime of larceny. The defendant by his act used a false pretence, and if he deceived the owner of the turpentine, and by such deception received from the owner anything of value, he may be liable to indictment under our statute. Rev. Code, ch. 34, sec. 67.

There is no error. Let this opinion be certified.

PER CURIAM.                                    Judgment affirmed.