## STATE *v.* MARION ALEXANDER.

It is not sufficient, to constitute the crime of larceny, that the defendant *have the power* to remove the property alleged to have been stolen, there must be *some* asportation thereof.

(*State v. Jones*, 65 N. C. Rep. 395; *State v. Butler*, Ibid 309; *State v. Jackson*, Ibid 305, cited and approved.)

INDICTMENT for *Larceny*, tried before his Honor, *Cannon*, *J.* at Fall Term, 1875, of the Superior Court of HAYWOOD county.

The defendant, with one James Alexander, was indicted for the larceny of a hog.

All the facts necessary to an understanding of the case, as decided in this court, are stated in the opinion of Justice BYNUM.

There was a verdict of guilty, and judgment, whereupon the defendant appealed.

No counsel in this court, for the defendant.
*Attorney General Hargrove*, for the State.

BYNUM, J. The defendant was indicted for stealing a hog running at large in the "range." The hog was found dead, having been shot. Its ears had been cut off, and one of its hams skinned, but the skin had not been severed from the animal, no part being cut off except the ears. There was no evidence that the hog had been killed elsewhere than where found, or had been removed from the spot where it had been killed. There was evidence that the defendant shot the hog and did the skinning. His Honor charged the jury, that if the defendant shot and skinned the hog, as alleged, and had it under his control, with the intent to steal, there was in law a sufficient asportation, and he was guilty. There is error.

To complete the crime of larceny, it is not sufficient that the defendant had the control of the article, that is, had the power to remove it, but there must be an asportation of the thing alleged to have been stolen. It is true, a very slight asportation will be deemed sufficient, yet there must be some removal to complete the offence. The case here shows that there was no removal of the hog, but that it remained *in situ,* as it had been shot down. In the *State* v. *Jones,* 65 N. C., 395, it was held that the turning of a barrel of turpentine, which was standing upon its head, over upon its side, with a felonious intent, was not such an asportation as constituted larceny. So in the *State* v. *Butler,* 65 N. C., 309, which is a case almost identical with this, it was held, that an indictment at common law, for stealing a cow, is not supported by proof that the cow was shot down and her ears cut off by the defendant with a felonious intent, because there was no asportation of the *cow,* the thing charged to have been stolen. These cases and others of our own, as well as English, are decisive. *State* v. *Jackson,* 65 N. C., 305 ; Roscoe, 570, 2 Bish. Cr. Law, 804 ; 2 East, P. C., 556.

PER CURIAM.                              Judgment reversed.