## STATE v. JAMES GREEN.

### *Larceny—Asportation.*

The removal from a safe of a drawer containing money, and a handling of the same, in the drawer, at the door of the safe, is a sufficient carrying away to constitute the element of aspostation in the crime of larceny.

(*State* v. *Jackson*, 65 N. C., 305; *State* v. *Jones, Ibid.*, 395, cited and approved.)

INDICTMENT for Larceny, tried at Spring Term, 1879, of PITT Superior Court, before *Seymour, J.*

The evidence was that the defendant who was in the employ of the prosecuting witness took the key of the witness' safe from his pocket one morning before the witness had dressed, and went to his office, unlocked the safe, took therefrom a drawer containing money, completely removing the same from the safe, and was handling the money when the witness detected him; but the money was not removed from the drawer. Thereupon the defendant's counsel requested the court to charge the jury that there was no evidence of an *asportavit.* The court declined, but instructed the jury that if the defendant removed the drawer from the safe with the felonious intent to steal the money in such drawer, he was guilty. Defendant excepted. Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.
No counsel in this court for defendant.

SMITH, C. J. The defendant has been twice convicted under an indictment containing two counts, one for the larceny of one dollar in money, and the other for feloniously receiving the like sum, once in the inferior, and again on his appeal in the superior court of Pitt county. The judgment in each court was the same, that the defendant be confined in the state prison for three years.

The only exception taken and presented in the appeal is to the refusal of the court to charge that the evidence failed to prove such asportation of the money as is necessary to constitute larceny.

We think the judge was correct in declining to give the instruction. "A bare removal from the place in which the thief found the goods, though he does not make off with them," says Mr. Justice BLACKSTONE, defining an element in

36

larceny, " is a sufficient asportation or carrying away." 4
Blackstone Com., 231.

Accordingly it has been held that where one broke open
a chest in the dwelling house of another, nobody being
there, and took out the goods and laid them on the floor of
the same room, and is then apprehended, or where one drew
out a book from the inside of the prosecutor's pocket, an
inch above its top, and then, on a movement of the prose-
cutor's hands, let the book drop and it fell back into the
pocket, or where a ear ring was separated from the ear of a
lady in which it was worn, and it fell and lodged in the
curls of her hair,—in all these cases the asportation was suf-
ficient. 1 Hale, 508. And so have been the adjudications
in this state.

"It is a sufficient carrying away to constitute the offence
of larceny," says SETTLE, J., " if the goods are removed from
the place where they were, and the felon has for an  instant
the entire and absolute possession of them." *State* v. *Jackson,*
65 N. C., 305. The least removal of an article from the
actual or constructive possession of the owner, so as to be
under the control of the felon," says DICK, J., " will be a
sufficient asportation. *State* v. *Jones, Ibid.,* 395.

The case before us clearly comes within the principle of
these adjudications. The defendant had removed the
drawer from the safe and was handling the money found in
it at the time of his detection, and the act of stealing was
complete.

PER CURIAM.                                           No error.