## STATE v. JAMES F. CRAIGE.

*Larceny—Asportation—Constructive Possession—Motion in Arrest—New Trial—Presumption of correct verdict.*

1. The bare removal from the place where goods are found by the thief (here, wheat from one garner into the defendant's adjoining garner at a mill) is a sufficient asportation to constitute larceny; and a severance from the constructive possession of the owner is also sufficient.

2. A motion in arrest of judgment cannot be grounded upon a variance between allegation and proof; it lies only for defects in the indictment.

3. A new trial will not be granted by this court for a variance between the allegation and the proof, where no exception is taken in the court below. The presumption is, that every fact necessary to sustain the verdict was proved on the trial.

(*State* v. *Green*, 81 N. C., 560; *State* v. *Walker*, 87 N. C., 541; *State* v. *Jones*, 69 N. C., 16; *State* v. *Potter*, Phil., 338; *State* v. *Cowan*, 7 Ired., 239; *Honeycut* v. *Angel*, 4 Dev. & Bat., 306, cited and approved).

INDICTMENT for larceny tried at Spring Term, 1883, of ORANGE Superior Court, before *Gilmer, J.*

The state introduced as a witness one Orren Suggs, who testified that he and one C. P. Suggs were millers, and kept the mill of Mrs. Purifoy, in Orange county; that they both took charge of the mill in January, 1883, and at that time the defendant had wheat at the mill, in garner No. 54, amounting to forty and a half bushels, for which he gave defendant a receipt; that he moved the defendant's wheat at the time he measured it into garner No. 53, and owing to certain circumstances, witness again removed defendant's wheat from garner No. 53 to garner No. 51; that at the time of this last removal he again measured defendant's wheat in garner No. 51, and there were twelve and a half bushels of wheat in that garner more than there ought to have been, and this twelve and a half bushels he poured in the other garners in the mill containing wheat of other persons, from which wheat had been missing; that J. W. Cheek, Jr., had two garners in the mill containing wheat (Nos. 49 and 50), and the wheat in these garners belonged to J. M. Cheek, Jr.; that garner No. 50 was only separated from defendant's garner, No. 51, by an inch plank partition, which did not extend to the top of the garners.

The witness further testified, that in the month of March last the defendant came to the mill, and, after waiting some little time in the first story of the building, the defendant went up-stairs into the second story, where the garners were.   In a short time the witness went up-stairs and saw defendant leaning over garner No. 50, containing J. M. Cheek's wheat, and with his hands rapidly throwing the wheat from garner No. 50 into garner No. 51, containing the defendant's wheat; and the witness stood and watched him; that the defendant, after discovering the witness, began to throw the wheat up and let it fall back into the garner containing J. M. Cheek's wheat, and thereupon the witness told defendant that he had been suspecting him for some time, and now he had caught him, and was going to prose-

cute him. Defendant asked what he (defendant) was doing? Witness replied, " throwing J. M. Cheek's wheat from his garner into defendant's." Defendant said he was only examining the wheat, and threw it back into the same garner. Witness replied: " I know you did that after you saw me." Defendant then acknowledged it and tried to get him not to prosecute him.

Witness also, on cross-examination, said that neither the defendant nor any one else would have gotten from the mill, by his consent, any more wheat than his receipt called for, and that defendant would not have gotten more than forty-and-a-half bushels.

Defendant's counsel asked His Honor to charge the jury that under the facts of the case there was no asportation, and defendant could not convicted, but this instruction was refused, and defendant excepted.

The jury returned a verdict of guilty, and the defendant moved for a new trial, which was refused, and he appealed from the judgment pronounced.

*Attorney-General,* for the state.
*Messrs. Graham & Ruffin* and *John Manning,* for defendant.

ASHE, J. The only exception taken in the court below was to the refusal of His Honor to give the instruction asked, that there was no asportation of the wheat. There was no error in the refusal of the court to give the instruction.

Larceny is defined to be the felonious taking and carrying away the personal goods of another. 4 Blk., 229. There must not only be a taking but a carrying away to constitute the crime. Arch. C. L., 190. And it is held by all the authorities that a bare removal from the place where the goods are found by the thief, though he does not make off with them, is a sufficient asportation or carrying away. Thus if a thief, intending to steal plate, take it out of a chest in which it was, and lay it down on the floor, but be surprised before he can make his escape with

it; so where the defendant drew a book from the inside pocket of the prosecutor's coat, about an inch above the top of the pocket, but while the book was still about the person of the prosecutor, the prosecutor suddenly put up his hand, upon which the defendant let the book drop and it fell in the prosecutor's pocket; it was held in both of these cases that there was a sufficient asportation to constitute larceny. Arch. C. L., 190.

In further illustration of this doctrine, it has been held, by the unanimous opinion of the twelve judges of England, where the prisoner got into a wagon, and taking a parcel of goods which lay in the forepart, had removed it near the tail of the wagon where he was apprehended, that as the prisoner had moved the property from the spot where it was originally placed, with an intent to steal it, was a sufficient *taking* and *carrying away* to constitute the offence. 2 East P. C., 556. And again, where the prisoner was indicted for robbing the prosecutrix of a diamond ear-ring, it appeared that as she was coming out of an opera house, the prisoner snatched at her ear-ring and tore it from her ear, which bled, and she was much hurt, the ear-ring fell into her hair, where it was found on her return home. On a case reversed the judges were of opinion that this was a sufficient taking to constitute robbery, it being in the possession of the prisoner for a moment, separated from the owner's person, though he could not retain it, but probably lost it again the very instant it was taken. *Rex* v. *Lassiter*, 1 East P. C., 557; *State* v. *Green*, 81 N. C., 560.

To apply the principle announced in those cases to that before us: Here, the wheat in garner No. 50 was the property of Cheek, and though in the actual possession of the prosecutor, who was the miller, the constructive possession was in Cheek, and while a severance from the possession of the owner is necessary to constitute larceny, it matters not whether the severance is from his constructive or actual possession. 3 Arch., C. Pl., 366.

The transfer of the wheat by the defendant from garner No. 50 to garner No. 51, containing his own wheat, was a sufficient

asportation to constitute the offence of larceny, and it could make no difference whether in fact he would derive any benefit from the transfer of the wheat, for the felonious quality consists in the *intention* of the defendant to defraud the owner and apply the thing stolen to his own use.

In this court, defendant's counsel moved in arrest of judgment, upon the ground that the bill of indictment charged the ownership of the property to be in Marion Cheek, while the evidence in the case showed it to be in J. M. Cheek, Jr. The motion cannot be sustained upon any such ground. The judgment in a criminal prosecution can only be arrested for defects in the bill of indictment when it shows substantial defects upon its face. The court cannot look to extrinsic evidence to ascertain the defects. *State* v. *Walker*, 87 N. C., 541.

The defendant contended that if the motion in arrest could not be sustained, that the defendant was entitled to a *venire de novo*, upon the ground that there was a variance between the proof and the allegations in the bill of indictment. But whatever force there may have been in this point, if it had been raised at the proper time, it cannot avail him here. There was no such exception taken in the superior court, and this court will not consider an exception which was not taken in the court below. *State* v. *Jones*, 69 N. C., 16; *State* v. *Potter*, Phil., 338; *State* v. *Cowan*, 7 Ired., 239. And we must assume that Marion Cheek and J. M. Cheek, Jr., are the same, for when there is no exception or statement to the contrary, the court must presume that every fact was proved which was necessary to sustain the verdict. *Honeycut* v. *Angel*, 4 Dev. & Bat., 306.

No error.                                    Affirmed.