### JOHN WILLIAMS *v.* THE STATE.

1. LARCENY. *Or attempt to steal. Sections* 2713, 3078, *Code* 1880. *Instruction.*
   Where, upon the trial of an indictment for the larceny of a hog, the evidence
   shows clearly that, though the defendant shot and killed the hog, he did not
   carry it away, but leaves it in doubt whether he would have done so with the
   view of converting it to his own use but for being detected, the court should
   instruct the jury not to find the accused guilty of larceny, but to find whether
   he was guilty of an attempt to steal under §§ 2713 and 3078 of the Code of
   1880.

.2. SAME. *Asportation. Case in judgment.*
   One who shoots a hog, the property of another, and turns it upon its back and
   cuts its throat, but does no further act toward removing it, cannot be con-
   victed of stealing, because there is no asportation of the property.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

John Williams was indicted for the larceny of a hog. He plead
"not guilty." The evidence adduced at the trial developed these
facts: On a certain morning Williams shot and killed the hog,
went to it, turned it on its back, and stabbed it with a knife to
bleed it. He did not remove the hog, but went away and did not
return to where he left it till late in the evening of that day, when

he found Lewis Pringle there.   He asked Pringle if the hog was his, and, upon receiving an affirmative answer, offered to carry it to Pringle's house, and did so.

The defendant's testimony in explanation of his conduct in relation to the hog was " that he had a ' bunch ' of unmarked ' shoats ' that were in good order and had become a little ' skittish.'   On the morning of the killing of the hog in question he went to the woods where said hogs usually ranged, with his gun and dogs.   The dogs soon bayed some shoats which he took to be his, and he shot into the bunch and killed one.   He shot the same the second time and then went up to the hog and turned it upon its back and cut its throat (bled it), and then, for the first time, discovered that it was not his hog.   Upon discovering his mistake he started his dogs on the trail of his own hogs that had run off and went by the house and sent his daughter to a neighbor's to inquire if it was his hog, and he then pursued on after the other hogs.   On his return home in the evening from his pursuit he went to the hog that he had killed in the morning, and when near the spot he saw Lewis Pringle.   He went to him and informed him that he had killed the hog, and had done so supposing it was his own.   He told Pringle he was willing to pay for the hog and to pack it to his house."

The defendant's testimony was partially corroborated by other witnesses.

The instructions given by the court left the jury at liberty to find the defendant guilty of larceny or an attempt at larceny.   They found him guilty of larceny, and from the judgment on such verdict the defendant appealed.

*Walker & Hall*, for the appellant.

It was the duty of the court to say whether the facts proven amount to an asportation of the hog.   A removal of every part of the thing from its place with intent to steal it will constitute larceny.   2 Bish. C. L., §§ 794 to 798.   But such is not the testimony.   The court assumes that the hog was *turned over*, and tells the jury, in substance, that if they believe every part was removed from its place in such *turn over*, it amounted to a carrying away.

This was an assumption and was calculated to mislead—therefore error. *Hogan* v. *State,* 46 Miss. 274; *Joy* v. *Walker,* 58 Miss. 253; *Bowman* v. *Roberts,* 58 Miss. 127.

The evidence was insufficient to support the verdict.

*T. S. Ford,* Attorney General, for the State.

The words "take and carry away" seem to mean no more than the word "take" alone. Roscoe Crim. Ev. 623. If the prisoner's control over the thing stolen were for one instant perfect it was sufficient. Bishop on Crim. Law, § 795. Although the whole of the article taken be not removed from the whole space which the article occupied before it was so taken, yet if every part thereof be removed from the space which that particular part occupied just before it was so taken, such removal is a sufficient asportation. 46 Am. Rep. 565, and cases cited. 2 Russell on Crimes 153; 50 N. Y. 518. Appellant asserted that he killed the animal by mistake, supposing that it was his own property, and really after the testimony of the defendant was introduced this was the sole question which the jury had to determine. The verdict of the jury was right under the evidence.

CAMPBELL, J., delivered the opinion of the court.

Were every fact in evidence embodied in a special verdict the sentence of the law would be that the accused is not guilty of larceny, because there was not a "*carrying away*" of the hog; and while the definition by the court of *asportation* is abstractly correct, it was not applicable to the facts in evidence, on which the court should have instructed the jury not to find the defendant guilty of larceny, but to consider and find whether he was guilty of an attempt to steal. Code, § 2713, § 3078; *Cherry's Case,* 2 East C. L. 556; *State* v. *Jones,* 65 N. C. 395.

*Reversed.*