STATE OF NORTH CAROLINA v. ROBERT WALKER, ALIAS ROBERT HILL

No. 6919SC531

(Filed 17 December 1969)

1. **Larceny § 1— taking and carrying away — nonremoval from premises of owner**

There must be a taking and carrying away of the personal property of another to complete the crime of larceny, although it is not necessary that the property be completely removed from the premises of the owner.

2. **Larceny § 7— larceny of rings — sufficiency of evidence — asportation**

Evidence that defendant entered a jewelry store and was observed as he put some rings from a tray into his pocket, that upon the approach of the store owner defendant took the rings out of his pocket and threw them on the floor, and that he ran from the store at the mention of the police, is *held* sufficient to permit an inference that defendant removed

the rings from the tray with intent to deprive the owner of their possession permanently and to convert them to his own use.

**3. Larceny § 1— length of time of defendant's possession — severance**

The fact that rings belonging to a jewelry store may have been in defendant's possession and under his control for only an instant is immaterial if his removal of the rings from their original status was such as would constitute a complete severance from the possession of the owner.

**4. Criminal Law §§ 33, 86— cross-examination of defendant — motive — inconsistent statements**

In larceny prosecution, cross-examination of defendant concerning his statement to police officers that he took the rings from a jeweler's tray because he had a girl pregnant and needed some money to get her out of trouble, *held* relevant to show motive and to show that defendant had made prior statements inconsistent with his testimony on trial.

**5. Criminal Law § 113— instructions — statement of evidence — slight inaccuracies**

Slight inaccuracies in the statement of the evidence will not be held for reversible error when not called to the attention of the court at the time.

**6. Criminal Law § 117— instructions — scrutiny of defendant's testimony**

It was proper for the trial court to instruct the jury to scrutinize carefully the testimony of defendant as an interested witness and to give the testimony the same weight as that of a disinterested witness if they believed the testimony and found it to be true.

**7. Larceny § 3— grand and petty larceny**

The distinction between grand larceny and petty larceny has been abolished by statute. G.S. 14-70.

**8. Larceny § 8— instructions — submission of issue of misdemeanor**

In a prosecution upon indictment alleging the felonious larceny of rings of a value of $1501.25, the court should have submitted to the jury the issue of defendant's guilt of misdemeanor-larceny, where the evidence of the State did not show that defendant took all of the rings nor did it show the value of those rings that were taken.

**9. Larceny §§ 5, 8— felonious larceny — value of property stolen — burden of proof — instructions**

Except in those cases where G.S. 14-72 is inapplicable, the State in a prosecution for felonious larceny must prove beyond a reasonable doubt that the value of the stolen property was more than two hundred dollars, and the trial judge must so instruct the jury even though no request is made for such instruction.

**10. Larceny §§ 9, 10— larceny of property in excess of $200 value — verdict — misdemeanor larceny — judgment in excess of statute**

In a prosecution upon indictment alleging the felonious larceny of rings of a value of $1501.25, a verdict finding the defendant guilty as charged

in the bill of indictment must be considered as a verdict of guilty of larceny of personal property having a value of $200 or less, a misdemeanor, where the trial court failed to instruct the jury as to its duty to fix the value of the property; hence, judgment of four to six years' imprisonment imposed upon the verdict is in excess of the legal maximum and is vacated and the cause remanded for the pronouncement of judgment as for misdemeanor-larceny.

APPEAL by defendant from *Crissman, J.,* May 1969 Criminal Session of ROWAN County Superior Court.

Defendant was tried and convicted upon a bill of indictment charging him with the felonious larceny of certain rings of the value of $1501.25.

The State's evidence tended to show that the defendant entered the store of Reliable Jewelers, Inc. in Salisbury at about 10 a.m. on 17 January 1969. Shortly thereafter he was seen attempting to put some rings in his pocket. Some were dropping to the floor. When one of the store owners approached him, defendant took some rings out of his pocket and threw them onto the floor. Defendant denied to the store owner that he had taken anything and asked that he be searched. However, when told that the police would search him, defendant ran. He was apprehended later in the morning several blocks from the store. The tray from which the rings were removed contained thirty-five rings with a total value of $1501.25. All of the rings were accounted for within a short time after the incident and the State's witnesses admitted that defendant did not remove any of the rings from the store premises.

Defendant testified in his own behalf that he went to the store to get a watchband and while there accidentally knocked a tray of rings from the counter. As he was picking the rings up and replacing them on the counter a store owner accused him of having stolen some of them. He testified that when the police were mentioned he became frightened and ran.

The verdict of the jury was that the defendant was guilty of "grand larceny" and from a judgment of imprisonment for not less than four years nor more than six years defendant appealed assigning error.

*Robert Morgan, Attorney General, by Richard N. League, Staff Attorney, for the State.*

*George L. Burke, Jr., for defendant appellant.*

GRAHAM, J.

**[1-3]**  Defendant's motions for judgment of nonsuit were properly overruled. While there must be a taking and carrying away of the personal property of another to complete the crime of larceny, it is not necessary that the property be completely removed from the premises of the owner. "The least removal of an article, from the actual or constructive possession of the owner, so as to be under the control of the felon, will be a sufficient asportation." *State v. Jones,* 65 N.C. 395, 397. Taken in the light most favorable to the State, the evidence permits an inference that defendant removed the rings from the place where they were kept with the intent to deprive the owner of their possession permanently and to convert them to his own use or the use of some other person. The fact that the property may have been in defendant's possession and under his control for only an instant is immaterial if his removal of the rings from their original status was such as would constitute a complete severance from the possession of the owner. *State v. Green,* 81 N.C. 560; *State v. Jackson,* 65 N.C. 305; 52A C.J.S., Larceny, § 6, p. 427. There was testimony that defendant was successful in putting some of the rings in his pocket. This, standing alone, constitutes sufficient evidence to go to the jury on the question of asportation. For a case directly in point see *People v. Lardner,* 300 Ill. 264, 133 N.E. 375, 19 A.L.R. 721.

**[4]**  Defendant assigns as error the overruling of his objection to a question asked him on cross-examination about a statement he made to police officers that he took the rings because he had a girl pregnant and needed some money to get her out of trouble. Defendant admitted having made the statement. This cross-examination was relevant for the purpose of showing that defendant had a motive for the alleged crime. Stansbury, N.C. Evidence 2d, § 83. It was also competent to show that defendant had made prior statements inconsistent with his testimony at the trial. Stansbury, N.C. Evidence 2d, § 46.

**[5, 6]**  Defendant further assigns as error various portions of the charge, contending that the court misstated some of the evidence, erred in instructing the jury to carefully scrutinize defendant's testimony, and overly stressed the State's contentions. These contentions are without merit. Slight inaccuracies in the statement of the evidence will not be held for reversible error when not called to the attention of the court at the time. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469; *State v. Sterling,* 200 N.C. 18, 156 S.E. 96. The court not only instructed the jury to carefully scrutinize the testi-

mony of the defendant as an interested witness but also that if they believed his testimony and found it to be true they were to give to it the same weight as that of a disinterested witness. This instruction was proper. 3 Strong, N.C. Index 2d, Criminal Law, § 117. The contentions of the State and defendant were, in our opinion, fairly stated.

Defendant's remaining assignments of error challenge the court's failure to instruct the jury as to its duty in fixing the value of the property taken and the failure of the court to submit to the jury the possible verdict of misdemeanor-larceny. These assignments of error are well taken.

**[7]** The record reflects that the verdict of the jury was that the defendant was guilty of "grand larceny." The distinction between grand larceny and petty larceny has been abolished in this State for many years. G.S. 14-70. (For a discussion of the history of the larceny statutes in this State see opinion of Bobbitt, J. [now C.J.], in *State v. Cooper*, 256 N.C. 372, 124 S.E. 2d 91.) While there is no longer a crime in this State designated as "grand larceny" we nevertheless consider the verdict of the jury as tantamount to a verdict finding the defendant guilty as charged in the bill of indictment. The bill of indictment charges the crime of felony-larceny in that it charges that the value of the property taken was in excess of two hundred dollars. G.S. 14-72 declares that the larceny of property of the value of not more than two hundred dollars is a misdemeanor except where the larceny is from the person or by breaking and entering. It also provides that in all cases of doubt the jury shall, in the verdict, fix the value of the property stolen.

**[8]** The only evidence concerning value in the instant case was that the total value of the thirty-five rings in the tray was $1501.25. The evidence, however, did not show that the defendant took all of the rings, nor did it show the value of those which he did take. Under these circumstances the evidence of value was equivocal and susceptible of diverse inferences. The court should therefore have submitted to the jury under appropriate instructions the issue of the defendant's guilt of misdemeanor-larceny.

There was also error in the failure of His Honor to instruct the jury that in order to convict the defendant of felony-larceny they were required to find beyond a reasonable doubt that he was guilty of larceny and that the value of the property stolen was more than two hundred dollars.

**[9]** The recent case of *State v. Jones*, 275 N.C. 432, 168 S.E. 2d

380, reaffirmed the decision of *State v. Cooper, supra,* and made clear that except in those cases where G.S. 14-72 is inapplicable, the State must prove beyond a reasonable doubt that the value of the stolen property was more than two hundred dollars in order to convict of felony-larceny, and the trial judge must so instruct the jury even though no request is made for such instruction. The reason for this requirement is that the defendant's plea of not guilty places in issue every essential element of the offense, including the element of value of the property stolen, and the credibility of the testimony must be passed upon by the jury.

**[10]**   Since the jury was not instructed as to their duty to fix the value of the property in question, the effect is that the jury failed to find that the larceny of which defendant was convicted related to property of a value of more than two hundred dollars. Consequently, as in *State v. Jones, supra,* the verdict here must be considered as a verdict of guilty of larceny of personal property of a value of two hundred dollars or less. This is a misdemeanor and the judgment entered herein imposed a sentence greater than the maximum allowed therefor. The judgment is therefore vacated and this decision will be certified to the Superior Court of Rowan County for the pronouncement of judgment herein as upon a verdict of guilty of misdemeanor-larceny.

Error and remanded.

CAMPBELL and PARKER, JJ., concur.