State v. Best

*Attorney General Robert Morgan by Associate Attorney Thomas W. Earnhardt for the State.*

*Perry, Perry & Perry by Warren S. Perry for defendant appellant.*

PARKER, Judge.

No. 7111SC753

(Filed 15 December 1971)

1. Criminal Law § 99— trial judge's questioning of witness

A trial judge may ask questions of a witness in order to obtain a proper understanding and clarification of the witness' testimony.

2. Criminal Law § 117— instructions — scrutiny of defendant's testimony

It was proper for the trial court to instruct the jury to scrutinize the defendant's testimony in the light of his interest in the outcome of the case, and that if they believed he was telling the truth they would give to his testimony the same weight they would give to the testimony of any other believable witness.

APPEAL by defendant from *Clark, Judge,* 16 August 1971 Criminal Session of Superior Court held in JOHNSTON County.

This is a criminal prosecution on a bill of indictment, proper in form, charging the defendant with the felony of a crime against nature, in violation of G.S. 14-177.

The State offered evidence tending to show that on 22 July 1971 the defendant, Norwood E. Best, at about 10:00 p.m., forced Roger Hagen, nineteen years of age, to accompany him into the woods near Hagen's home in the Town of Princeton, North Carolina. The defendant undressed and forced Hagen to undress and lie upon the ground, where the defendant then committed the criminal act charged in the bill of indictment.

The defendant testified that on the night of 22 July 1971 Hagen "walked up to me and asked me did I want to do something." The defendant testified that he knew what Hagen meant. The defendant testified: ". . . I am not doing it for nothing and he said how much are you going to charge? I told him $10.00. He said he did not have it so he gave me $6.00. I told him to wait there in the church yard until I came back. Then I went home and got in bed and Roger comes there and knocks on my window. He asked me could he come in the house and get in bed with me. I told him no. He stayed out there by the window for 30 minutes and then he left. I did not see him again that night."

The jury found the defendant guilty as charged in the bill of indictment. From a judgment imposing a prison sentence of not less than three nor more than five years, the defendant appealed.

*Attorney General Robert Morgan, Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Guy A. Hamlin for the State.*

*Corbett & Corbett by Albert A. Corbett, Jr., for defendant appellant.*

HEDRICK, Judge.

[1]   By his one assignment of error the defendant contends the court expressed an opinion, in violation of G.S. 1-180, by asking questions of the witness Hagen and by the court's instructions

to the jury as to how they would consider the defendant's testimony. It is a well settled rule in this State that a trial judge may ask questions of a witness in order to obtain a proper understanding and clarification of the witness'. testimony. *State v. Strickland*, 254 N.C. 658, 119 S.E. 2d 781 (1961) ; *Andrews v. Andrews*, 243 N.C. 779, 92 S.E. 2d 180 (1956) ; *Wilkins v. Turlington*, 266 N.C. 328, 145 S.E. 2d 892 (1966) ; *State v. Blalock*, 9 N.C. App. 94, 175 S.E. 2d 716 (1970). We have examined all of the questions asked of the prosecuting witness by the judge and find that they were clearly for the purpose of clarifying the testimony of the witness, and in no way did the questions asked, either singly or collectively, amount to an expression of opinion by the judge on the evidence in the case, in violation of G.S. 1-180, which was in any way prejudicial to the defendant.

[2] The defendant testified in his own behalf. The court in substance instructed the jury to scrutinize the defendant's testimony in the light of his interest in the outcome of the case, but that this did not mean that they were to reject his testimony, but that if they believed he was telling the truth they would give to his testimony the same weight they would give to the testimony of any other believable witness. This instruction was proper. 3 Strong, N. C. Index 2d, Criminal Law, § 117; *State v. Walker*, 6 N.C. App. 740, 171 S.E. 2d 91 (1969) ; *State v. Turner*, 253 N.C. 37, 116 S.E. 2d 194 (1960). This assignment of error is not sustained. The defendant had a fair trial free from prejudicial error.

No error.

Chief Judge MALLARD and Judge GRAHAM concur.