STATE OF NORTH CAROLINA v. SAMUEL RAY DUNN

No. 7320SC682

(Filed 12 December 1973)

1. **Criminal Law § 76— voluntariness of confession — voir dire procedure**
    The trial court's determination of the voluntariness of defendant's alleged confession was not made upon an improper *voir dire* hearing where the court conducted a *voir dire,* found facts and concluded that defendant's statement was voluntary, then allowed the defendant, upon his request, to testify on *voir dire,* recalled the jury without making further findings, received defendant's statement into evidence, then conducted a second *voir dire* on the issue, and finally made findings reiterating the findings of the first *voir dire.*

2. **Criminal Law § 111— instructions — crime charged but not prosecuted**
    In a prosecution for housebreaking and larceny the trial court did not err in instructing that defendant had been charged also with receiving stolen property but that the State was proceeding only on the charges of breaking and entering and larceny.

3. **Criminal Law § 117— instructions — scrutiny of defendant's testimony**
    The trial court did not err by instructing the jury to scrutinize carefully the defendant's testimony but after considering the influence of defendant's interest in the result, if they found defendant to be telling the truth, then to give his testimony the same weight as any truthful witness.

---

---

APPEAL by defendant from *McConnell, Judge,* 30 April 1973 Session UNION Superior Court.

Defendant was charged in a bill of indictment with the felonies of housebreaking, larceny, and receiving stolen property, but the State elected not to proceed upon the receiving charge. Defendant pleaded not guilty, the jury returned a verdict of guilty on both counts submitted, and defendant appeals from the entry of judgment imposing a prison term of not less than five nor more than seven years with a recommendation for work release and psychiatric treatment.

*Attorney General Robert Morgan by I. Beverly Lake, Jr., Assistant Attorney General, and Robert P. Gruber, Associate Attorney, for the State.*

*Kenneth W. Parsons for the defendant.*

BRITT, Judge.

[1] By his first assignment of error defendant contends that the court's determination of the voluntariness of defendant's alleged confession was made upon an improper *voir dire* hearing. The State sought to introduce the confession through testimony of Deputy Sheriff Roy Tysinger (Tysinger), who, along with Sheriff Frank Fowler (Fowler), had conducted an in-custody interrogation of defendant. The court excused the jury, and the solicitor elicited from Tysinger facts showing that defendant had, without duress, compulsion, or promise, voluntarily and intelligently waived his constitutional rights, of which he had been warned, and admitted his guilt. The court asked defense counsel if he had any questions, to which he replied that he did not, and the solicitor advised that the State would present no other evidence. The court then found facts and concluded that defendant, "without any threats or promises having been made, while in normal condition, made a statement freely, voluntarily and intelligently after having waived his rights in writing, a copy of said waiver being attached to the record."

Thereafter, defendant expressed the desire to take the stand on *voir dire* and was allowed to do so. He testified that he had been promised leniency if he would confess, that he did sign a waiver of his rights, but that he signed no statement. The jury was recalled without further findings by the court, and the prosecution continued with its evidence. After the examina-

State v. Dunn

tion of Tysinger, the State called Sheriff Fowler who read a statement purportedly made by defendant. He further testified that the written confession was prepared by Deputy Tysinger from the statement of defendant, and that while defendant refused to sign the confession, he admitted it to be true. At this point the jury was excused for lunch and the court expressed a desire to hear from Sheriff Fowler on a further *voir dire*. Fowler then testified that no promises were made to defendant, no coercion was used, and that defendant was lucid and sober at the time he was questioned. The court then made findings reiterating the previous findings that defendant's statement was voluntarily and intelligently made.

Defendant contends the court erred in not making new findings after his testimony on *voir dire* and by making a final determination from the *voir dire* after the confession had already been admitted. We reject this contention. Though the procedure followed was somewhat unusual, it met the minimum requirements and is not reversible error. When the State offers a confession and defendant objects, its competency is a question for the determination of the trial judge by a preliminary inquiry in the absence of the jury. The court's findings as to voluntariness and other facts determining whether it meets the requirements of admissibility are conclusive if they are supported by competent evidence in the record. *State v. Fox*, 277 N.C. 1, 175 S.E. 2d 561 (1970). In the instant case, since the court's findings are conclusive, as there is competent evidence to support them, it is presumed that the judge heard nothing in defendant's testimony which would cause him to alter his prior determination. Furthermore, the second *voir dire* indicated a desire of the judge to give defendant every protection, even though the necessity for it has not been established. When he made his findings and conclusions following the second *voir dire,* he had the benefit of the testimony of the officers and of the defendant. The assignment of error has no merit.

[2]  Defendant assigns as error that portion of the court's jury instructions stating that defendant had been charged also with receiving stolen property but that the State was proceeding only on the charges of breaking and entering and larceny. We can perceive no prejudice to defendant by the instruction and hold that the assignment is without merit.

[3]  On his final assignment of error, defendant contends the court committed error by instructing the jury to scrutinize care-

fully the defendant's testimony but after considering the influence of defendant's interest in the result, if they found defendant to be telling the truth, then to give his testimony the same weight as any truthful witness. This instruction has been approved many times and we find the assignment without merit. See *State v. Walker,* 6 N.C. App. 740, 171 S.E. 2d 91 (1969) and *State v. Best,* 13 N.C. App. 204, 184 S.E. 2d 905 (1971).

No error.

Judges CAMPBELL and MORRIS concur.