STATE OF NORTH CAROLINA v. REX CARSWELL

No. 7725SC876

(Filed 16 May 1978)

1. **Constitutional Law § 48— effective assistance of counsel**
   The record does not disclose that defendant was denied the effective assistance of counsel in his trial for breaking and entering and larceny.

2. **Larceny § 7.13— moving air conditioner four to six inches—insufficient evidence of larceny**
   Evidence that defendant moved a heavy window air conditioner approximately four to six inches just off the base on which it was sitting was insufficient evidence of a taking and asportation to support a conviction of larceny.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 16 November 1976 in Superior Court, BURKE County. Heard in the Court of Appeals 27 February 1978.

Defendant was indicted for breaking or entering and larceny, convicted by a jury on both charges, and sentenced to consecutive terms of ten years and five years respectively. State's case rested primarily upon the testimony of Donald Morgan who testified that on the night of 18 April 1976 while working as a security guard at a motel under construction, he found certain motel room doors pried open and an air conditioning unit in one room "pried up." Later at approximately 10:30 p.m. while on the second level, he observed the defendant and another man come out of the woods and open the door to a motel room on the first level. The witness was 50 to 75 feet away from the room. This room had an air conditioner which could be seen from the outside in the bottom part of the window. The witness, Morgan, saw the men "scooting the conditioner from its position"; the unit was moved "approximately four inches just off the base it was sitting on." The unit was moved towards the door but was not removed from the room before the men put it down and started to another room. The witness, Morgan, stopped the men as they were entering the second room and called the sheriff. Defendant's trial counsel stated that he had "a motion," which must have been a motion for judgment as of nonsuit, but the judge promptly denied it. Defendant's evidence tended to show that he and the other man had been drinking, and they went to the motel to sleep but did not touch

the air conditioning unit. The room smelled bad, and they left. At that point, Morgan stopped them. Defendant appealed both cases.

*Attorney General Edmisten, by Associate Attorney Henry Burgwyn, for the State.*

*Richard W. Beyer, for defendant appellant.*

ERWIN, Judge.

[1] We first consider defendant's contention that he was denied the effective assistance of counsel at his trial. Justice Branch, speaking for our Supreme Court in *State v. Sneed*, 284 N.C. 606, 612, 201 S.E. 2d 867, 871 (1974), stated the test to be applied: ". . . the incompetency (or one of its many synonyms) of counsel for the defendant in a criminal prosecution is not a Constitutional denial of his right to effective counsel unless the attorney's representation is so lacking that the trial has become a farce and a mockery of justice." (Citations omitted.) With the benefit of hindsight, a review of virtually any record in a criminal case will suggest that different tactics might have been employed or that errors of judgment might have been committed by trial counsel. Suffice it to say that the record before us does not disclose a denial of defendant's right to the effective assistance of counsel.

[2] Defendant's remaining contention presents an intriguing question: Was the State's evidence as to larceny sufficient for submission to the jury and sufficient to support a verdict thereon? "Common-law larceny is the felonious taking by trespass and carrying away by any person of the goods or personal property of another, without the latter's consent and with the felonious intent permanently to deprive the owner of his property and to convert it to the taker's own use." 8 N.C. Index 3rd, Larceny § 1, p. 271.

The contention of defendant pertains to the elements of taking and carrying away, or asportation, of larceny. Even the slightest change of position of the object, if it is moved from its original position, is sufficient asportation; it need not have been removed from the premises in which it was kept. *State v. Green*, 81 N.C. 560 (1879); *State v. Walker*, 6 N.C. App. 740, 171 S.E. 2d 91 (1969). But the object must be moved from its original position for there to be sufficient asportation. *State v. Alexander*, 74 N.C. 232 (1876); *State v. Jones*, 65 N.C. 395 (1871).

State v. Carswell

This Court stated in *State v. Walker, supra,* at p. 743, that:

"The fact that the property may have been in defendant's possession and under his control for only an instant is immaterial if his removal of the rings from their original status was such as would constitute *a complete severance from the possession of the owner.*" (Emphasis added.)

*See also State v. Jackson,* 65 N.C. 305, 308 (1871), where our Court held that a sufficient showing of asportation is made ". . . if the goods are removed from the place where they were, and the felon has for an instant *the entire and absolute possession of them.*" (Emphasis added.)

We do not believe that moving a heavy air conditioner approximately four to six inches was a sufficient taking and asportation to take this case to the jury on the charge of larceny. Our reading of the cases leads us to the conclusion that, even if only for an instant, there must be a complete severance of the object from the owner's possession, to such an extent that the defendant has absolute possession of it. The cases appear to have, in effect, merged the elements of taking and asportation, but here the problem with the State's case is that the evidence of asportation does not also constitute sufficient evidence of taking. Further, we note that the *Jackson, Green,* and *Walker* cases, *supra,* involved the slight movement of small objects, and in those cases, convictions were upheld. *Jones, supra,* on the other hand, dealt with the turning of a barrel of turpentine from a standing position to its side; this was held to be an insufficient asportation, and clearly, we think, an insufficient taking. We do not believe that the result would have been different if the barrel had been moved a few inches while upright.

As to the felonious breaking or entering conviction, we find

No error.

For the reasons stated, the larceny conviction is

Reversed.

Chief Judge BROCK and Judge VAUGHN concur.