STATE OF NORTH CAROLINA v. SAM McCULLOUGH

No. 788SC772

(Filed 3 April 1979)

1. Larceny § 7.8— cans moved from pantry to kitchen—asportation—sufficiency of evidence

In a prosecution for felonious breaking or entering and felonious larceny where the evidence tended to show that defendant entered a school through a window and removed several cans and a box from the school pantry to a table in the kitchen, such evidence was sufficient to support a finding that defendant carried away the property, since it was not necessary that the personal property be removed from the premises in order to support a finding of asportation.

2. Larceny § 8— taking of property—instructions proper

In a prosecution for felonious breaking or entering or felonious larceny, the trial court properly charged the jury on the State's burden of proof as to

the taking after a breaking or entering, properly charged that there had to be a severance from the possession of the owner by charging that the property had to be "under the control" of defendant, and properly read for the jury a second time the charge as to what constituted asportation of the property.

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 6 April 1978 in Superior Court, WAYNE County. Heard in the Court of Appeals 29 November 1978.

The defendant has appealed from a conviction of felonious breaking or entering and felonious larceny. The State's evidence showed that the defendant entered the cafeteria of the Goldsboro Middle School South by raising a window at some time in the early morning of 12 February 1978. A police officer who was on a stakeout inside the school observed the defendant enter. He saw the defendant go into the pantry and return with a box which he placed on a table in the kitchen. The defendant then made several trips into the pantry, returning each time with several cans which he placed in the box. The defendant was arrested while inside the building. The defendant testified that he entered the building because he was cold and hungry with no place to stay. He said he did not have any intention of stealing anything. He testified further that he moved the box with the canned goods in it in order to have a place to lie down to sleep.

*Attorney General Edmisten, by Associate Attorney Jean Winborne Boyles, for the State.*

*Hulse and Hulse, by Herbert B. Hulse, for defendant appellant.*

WEBB, Judge.

[1] The defendant's first two assignments of error deal with the failure of the court to grant his motions for nonsuit. He argues that the evidence shows that his only reason for entering the building was to find shelter from the inclement weather and that the moving of the canned goods was insufficient to establish asportation. In order to support a finding of asportation it is not necessary that the personal property be removed from the premises. "The least removal of an article, from the actual or constructive possession of the owner, so as to be under the control of the felon, will be a sufficient asportation." *State v. Walker,* 6 N.C.

App. 740, 743, 171 S.E. 2d 91 (1969). We hold there was sufficient evidence in the light most favorable to the State for the jury to find the defendant carried away the property. This being so, there was sufficient evidence for the jury to find that at the time of the entering the defendant intended to commit larceny. The motions for nonsuit were properly overruled in both cases.

[2]   The defendant's next assignments of error are to the charge. In the charge as to larceny after a breaking or entering, Judge Allsbrook charged the jury that they must be satisfied of five things beyond a reasonable doubt in order to convict the defendant of felonious larceny. He enumerated five elements of the crime and then said the sixth thing the jury must find is that the property was taken from a building after a breaking or entering. The defendant contends the court failed to charge the jury that they must be satisfied beyond a reasonable doubt that the property was taken after a breaking or entering in order to convict the defendant of felonious larceny. In his final mandate, Judge Allsbrook charged the jury they must be satisfied beyond a reasonable doubt that the property was taken after a breaking or entering to find the defendant guilty. At another place in the charge Judge Allsbrook instructed the jury that they must be satisfied beyond a reasonable doubt as to every element of the crime in order to find the defendant guilty. Reading the charge as a whole, we believe Judge Allsbrook properly charged the jury as to the State's burden of proof as to the taking after a breaking or entering.

After the jury had retired they returned to the courtroom and the foreman asked whether the defendant had to remove any of the property from the building to be found guilty. Judge Allsbrook then read the instructions on this element of the offense including an instruction that the "least removal of an article from the actual or constructive possession of the owner so as to be under the control of the defendant is a sufficient asportation." The defendant contends this instruction is in error for that in order for the jury to find the defendant guilty they must find that the possession of the property by the defendant is "such as would constitute a complete severance from the possession of the owner." *State v. Walker, supra,* at 743. We hold that when the jury was charged that the property had to be "under the control"

of the defendant this charged them that there had to be a "severance from the possession of the owner."

The jury asked the court to read to them for a second time the charge as to what constituted asportation of the property. The court complied with this request. The defendant contends this was error. He argues that this "double barrel supplemental instructions of the Court did not present the matter to the jury fairly to the defendant." It seems obvious the jury was having trouble understanding the evidence necessary to make a finding on this point. The instructions given by the court were correct. We find no error in repeating them for the benefit of the jury.

No error.

Judges MORRIS (now Chief Judge) and MARTIN (Harry C.) concur.