STATE OF NORTH CAROLINA v. KENNETH NORWOOD

No. 799SC573

(Filed 4 December 1979)

**1. Criminal Law § 146.2— sentence of ten years to life—appeal to N. C. Supreme Court**

A sentence of from ten years to life imposed on defendant convicted of second degree burglary and second degree rape constituted a sentence of "imprisonment for life" within the meaning of G.S. 7A-27 so that an appeal from those convictions must be taken to the N. C. Supreme Court rather than to the N. C. Court of Appeals.

**2. Robbery § 4.2— asportation—taking money from victim**

Evidence that defendant took $4.30 from the prosecuting witness but did not leave her home with it was sufficient evidence of asportation for the jury to convict defendant of common law robbery.

Judge MARTIN (Harry C.) dissenting.

APPEAL by defendant from *Browning, Judge.* Judgment entered 8 March 1979 in Superior Court, PERSON County. Heard in the Court of Appeals 13 November 1979.

Defendant was charged in bills of indictment with the crimes of first degree burglary, first degree rape and robbery with a dangerous weapon. He was convicted of second degree burglary, second degree rape and common law robbery. The charges of second degree burglary and second degree rape were consolidated for judgment and the defendant received a sentence of ten years to life imprisonment. He received a concurrent sentence of ten years on the charge of common law robbery.

Defendant appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Sandra M. King, for the State.*

*John W. Tolin, Jr., for defendant appellant.*

WEBB, Judge.

[1]   At the outset we are faced with the question of the jurisdiction of this Court to hear the appeals in the burglary and rape cases. The defendant received a sentence in those cases of from ten years to life in prison. G.S. 7A-27 says:

(a) From a judgment of a superior court which includes a sentence of death or imprisonment for life, unless the judgment was based on a plea of guilty or nolo contendere, appeal lies of right directly to the Supreme Court.

The question with which we are faced is whether a sentence of from ten years to life is a sentence of imprisonment for life so that an appeal must be taken to the Supreme Court of North Carolina. We hold that this is a sentence of imprisonment for life within the meaning of the statute. It is true that the defendant may not serve for life under this sentence. This is so in any sentence of life imprisonment. We hold that when a defendant may serve for life under a sentence, this is a sentence to life imprisonment and appeal lies directly to the Supreme Court. We have no jurisdiction to hear the cases involving burglary and rape and the appeal as to these two charges must be dismissed.

[2]   As to the charge of common law robbery, the defendant by his only assignment of error contends there was not sufficient evidence of taking and carrying away the property of the prosecuting witness to be considered by the jury. The State's evidence tended to show the defendant took $4.30 from the prosecuting witness, but did not leave her home with it. This is sufficient evidence of asportation for the jury to convict defendant of common law robbery. *State v. Walker*, 6 N.C. App. 740, 171 S.E. 2d 91 (1969).

Appeal dismissed as to 78CRS5197 and 78CRS5200.

No error as to 78CRS5198.

Judge VAUGHN concurs.

Judge MARTIN (Harry C.) dissents.

Judge MARTIN (Harry C.) dissenting.

I concur in No. 78CRS5198, the charge of common law robbery, but must respectfully dissent from the opinion of the majority in the burglary and rape charges.

Upon the conviction of the defendant of burglary in the second degree and second-degree rape, the trial court consolidated

the cases for judgment and sentenced the defendant to a term of imprisonment "of ten years (10) to life imprisonment in the North Carolina Department of Correction."

The majority holds this is a sentence of "imprisonment for life" and that under N.C.G.S. 7A-27 this Court does not have jurisdiction of the appeal of these cases because the appeal lies of right directly with the Supreme Court. I cannot agree with this holding.

The sentence imposed was not one of imprisonment for life but rather an indeterminate sentence of from ten years to life. Reference to N.C.G.S. 14-52(a) discloses that the punishment for burglary in the first degree is imprisonment for life. Punishment for burglary in the second degree is imprisonment for not less than seven years nor more than life imprisonment. Second-degree rape is punishable by imprisonment for life or for a term of years. N.C. Gen. Stat. 14-21(2). The punishment for burglary in the second degree and second-degree rape is not a "specific punishment" within the meaning of N.C.G.S. 14-2. *See State v. Stimpson*, 279 N.C. 716, 185 S.E. 2d 168 (1971). A punishment of life imprisonment is a specific punishment. The trial court could have sentenced the defendant to life imprisonment but chose instead to impose an indeterminate sentence. A typical form of a life sentence is: It is the judgment of the court that the defendant be imprisoned for the term of his natural life in the State's prison, and this is both the minimum and maximum term. *See* N.C. Trial Judges' Bench Book II.11A.4(F) (1979).

The majority states that "when a defendant *may* serve for life under a sentence," it is a life sentence. (Emphasis added.) In my opinion, a life sentence is one by which the defendant is *ordered* by the court to be imprisoned for his natural life and the defendant *must* serve for the remainder of his natural life, unless sooner released by action of the executive branch of government. The General Assembly has specified that a sentence of life imprisonment shall be considered as a sentence of imprisonment for a term of eighty years. N.C. Gen. Stat. 14-2. The possibility of such early release by way of parole, pardon, commutation or other executive action is not a proper consideration in determining the nature of a sentence.

I vote to hold this Court has jurisdiction of the appeals from the burglary and rape convictions.

A careful consideration of the assigned errors on all charges does not disclose any prejudicial error. I find no error in defendant's trial.