STATE OF NORTH CAROLINA v. JOSEPH FERRELL

No. 798SC670

(Filed 18 December 1979)

**Criminal Law § 146— sentence of ten years to life imprisonment—appeal to Supreme Court**

A sentence of ten years to life imprisonment was a sentence of life imprisonment within the meaning of G.S. 7A-27(a) so that appeal should have been made directly to the Supreme Court rather than to the Court of Appeals.

Judge MARTIN (Robert M.) dissents.

ON certiorari to review defendant's trial before *Cowper, Judge.* Judgment entered 6 December 1978 in Superior Court, WAYNE County. Heard in the Court of Appeals on 6 December 1979.

Defendant was charged in a bill of indictment with the second degree murder of Leslie William Royals. He was found guilty as charged, and gave notice of appeal from a judgment imposing a prison sentence of "not less than ten (10) years nor more than life . . . ." Defendant failed to perfect his appeal within the prescribed time, and this Court on 26 February 1979 issued its writ of certiorari to review defendant's trial on the merits.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Hulse & Hulse, by H. Bruce Hulse, Jr., for defendant appellant.*

HEDRICK, Judge.

Initially, we must address the question of whether this Court has jurisdiction to hear this appeal. The defendant received a sentence of ten years to life in prison. G.S. § 7A-27 (1977 Supp.) provides in pertinent part:

(a) From a judgment of a superior court which includes a sentence of death or imprisonment for life, unless the judgment was based on a plea of guilty or nolo contendere, appeal lies of right directly to the Supreme Court.

Our inquiry is thus narrowed to the question of whether a sentence of ten years to life is a sentence of life imprisonment so as to bring § 7A-27(a) into play, thereby divesting this Court of jurisdiction. It is our opinion, and we so hold, that any sentence under which the defendant may serve for life, as here, is a sentence to life imprisonment. *State v. Norwood,* 44 N.C. App. 174, 260 S.E. 2d 433 (1979). We have no jurisdiction to hear this case. Appeal lies directly to the Supreme Court.

Our holding will not be altered by the fact that this Court issued its writ of certiorari to review defendant's trial. It is elementary that the jurisdiction of the Court is established by statute, not the Court's own order. Our writ was improvidently granted, and the matter must be dismissed.

Dismissed.

Judge WELLS concurs.

Judge MARTIN (Robert M.) dissents.