STATE OF NORTH CAROLINA v. JERRY DEAN REID

No. 8327SC906

(Filed 21 February 1984)

1. **Larceny § 7.8— asportation beyond confines of building not required**
    The trial court properly denied defendant's motion to dismiss the felonious larceny pursuant to a breaking or entering charge under G.S. 14-72(b)(2) since asportation beyond the confines of a building is not required and since

evidence as to the ownership, possession or occupancy of the building was established.

2. **Criminal Law § 134.4— youthful offender—failure to make "no benefit" finding**
    Where the record showed that defendant was 20 years old on the date judgment was entered, the trial court erred in failing to make a "no benefit" finding as required by G.S. 148-49.15.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 21 April 1983 in Superior Court, GASTON County. Heard in the Court of Appeals 16 February 1984.

Defendant was charged in a proper bill of indictment with felonious breaking or entering "a building occupied by Linden Associate Reform Presbyterian Church used as a parsonage located at 205 N. Myrtle School Road, Gastonia, N.C. with the intent to commit a felony therein: larceny," and with felonious larceny of a Westinghouse built-in oven, "the personal property of the Board of Trustees/Linden Assoc. Reform Presbyterian Church . . . pursuant to the commission of felonious breaking and entering described in Count I above." Defendant was found guilty as charged, and from a judgment imposing a prison sentence of ten years he appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Assistant Public Defender Malcolm B. McSpadden for defendant, appellant.*

HEDRICK, Judge.

Defendant first contends that "a bill of indictment charging in two counts a felonious breaking or entering and a felonious larceny pursuant to a breaking or entering" is insufficient "to charge any crime where no allegations are contained therein of an entity capable of ownership of a property interest." We first note that the bill of indictment was not challenged by proper motion in the trial court or by proper motion in this Court. Nevertheless, we have examined the bill of indictment and hold that it sufficiently alleges a violation of N.C. Gen. Stat. Secs. 14-54 and 14-72.

[1] Defendant next contends that there was insufficient evidence "to withstand a motion to dismiss on a felonious larceny pursuant

to a breaking or entering charge under North Carolina General Statute Sec. 14-72(b)(2), where there is no evidence that any property was removed from the confines of a building and the value of the property in question was less than four hundred dollars." In his brief, defendant contends, "The question here presented appears at first glance to have been well settled in law, however, a close examination reveals that this particular question may be now first presented squarely before the court." The Attorney General, in his brief, responds as follows:

> This Court at *first* glance (*State v. Walker*, 6 N.C. App. 740 (1969)) and *second* glance (*State v. McCullough*, 40 N.C. App. 620 (1979)) and *third* glance (*State v. Norwood*, 44 N.C. App. 174 (1979)) having held that asportation beyond the confines of the building is not required, defendant's argument is submitted to border upon unreasonable harassment of a defunct equine.

We agree with the Attorney General.

Defendant next assigns error to the denial of his motions to dismiss. Defendant contends the evidence was insufficient to require submission of the case to the jury because it failed to establish the "ownership, possession, or occupancy" of the building in question. Suffice it to say that Leonard B. McAbee, Trustee of the Linden Associate Reform Presbyterian Church, testified as follows:

> Q. As Trustee of the Church, what, if any, responsibility do you have towards the real property owned by the Church?

> A. It is the responsibility of the Trustees at the Church to have oversight or care of the Church property in the interest of the Congregation.

> Q. What Church property did you own at 205 North Myrtle School Road on or about December 8, 1982?

> A. The Church manse, some refer to it as the Parsonage.

> Q. Describe that manse.

> A. That is a seven-room brick dwelling located at 205 North Myrtle School Road.

> . . .

State v. Reid

Q. What was the condition of the manse on December 7, 1982, as far as being occupied at that time?

A. You mean prior to the break in or after the break in?

Q. On the day before and the day after?

A. Well, the day before the break in it was in excellent condition.

Q. Was it occupied by the Minister on that occasion?

A. No, it was vacant at that time.

. . .

Q. After the Minister had moved, Mr. McAbee, who, if anyone, had authority to enter the manse?

A. The Trustee or the Chairman of the Board of Deacons.

Q. Do you know Mr. Reid (indicating Defendant), Mr. Jerry Dean Reid?

A. No, I don't.

Q. State whether or not of your own knowledge he is a Trustee on the Board of Deacons of the Church, Linden Associate Reformed Presbyterian on South Myrtle School Road?

A. He is not.

Q. What authority, if any, would he have from you or the Board of Trustees to enter or be on the premise?

A. None.

The assignment of error has no merit.

[2] Finally, defendant contends that the court erred in "not sentencing the defendant as a committed youthful offender or in failing to make a no benefit finding as required by North Carolina General Statute Sec. 148-49.15." The record shows that defendant was twenty years old on 21 April 1983, the date judgment was entered. The State concedes, in its brief, that it is unable to distinguish the facts of the instant case from those of *State v. Lewis*, 38 N.C. App. 108, 247 S.E. 2d 282 (1978), in which this

Court found error in the trial court's failure to make a "no benefit" finding as required by statute. We hold the trial court erred in sentencing defendant as an adult without first making a "no benefit" finding on the record.

The result is: in defendant's trial we find no error. The case is remanded for a *de novo* sentencing hearing and sentencing.

Remanded.

Judges HILL and EAGLES concur.